## CHANDLER'S APPEAL: ESTATE OF McCOY.

**WILL.** *Intention of testator to govern.　Proceeds of sale of real estate, when to be treated as money.　Will construed.　Legatee or devisee?*

By the terms of a will, the testator after providing for the payment of his debts and funeral expenses, " gives devises and bequeaths " all the remainder of his " estate, real and personal, in the following manner ": First, he " gives " to his wife his homestead (describing it), and also the sum of $2,000, together with certain specified chattels. Next, he " gives" to his brother, J. C. M., in trust for himself, his brothers and sisters, and their heirs, in equal shares, the one-third part of his " estate " after his debts are paid, which " amount" he desires his executor to "pay " to the said J. C. M. for the purposes above stated. Then he " gives and bequeaths " certain sums of money to four different persons. Next, he expresses an opinion that, in a contingency mentioned, there will be left "a surplus after paying [his] debts and the bequests hereinbefore made," and, if so, desires that the sum may be divided among his " legatees " in the same ratio that he had already given them. After nominating an executor, the will authorizes him, for the purpose of paying the testator's debts and such " bequests," to sell and convey any or all of the real estate, except the homestead, at his own discretion as to time, prices and manner of sale. The estate was insolvent when the will was admitted to probate, but afterwards, in consequence of the discovery of valuable mines on the testator's lands, there was a *surplus in the executor's hands*, mostly arising from the rents of such lands. In a contest between J. C. M. and the executor as to the distribution of such surplus: *Held*,

1. That the question whether J. C. M. is entitled to any part of such surplus depends on whether he was a " legatee " or a devisee under the will. If the former, he is entitled to a share of said surplus in the ratio that one-third of the estate bears to the sum of the legacies.

2. The proceeds of the sale of real estate, in the hands of the executor, are realty (Tay. Stats., 1193, § 57); and it *seems* that the rent of mines, in his hands, is also realty.

3. The power of sale contained in the will may be a devise in trust to the executor of the real estate not otherwise disposed of; but as to the real estate (if any) apart from the homestead, which is otherwise disposed of by the will, the executor takes only a general *power* in trust to sell the same, which leaves such realty (subject only to the execution of the power) vested in the devisees thereof named in the will.

4. In the construction of wills, the object is to determine *the intention of the testator*, which is to be gathered from the terms of the will itself as applied to the subject matter and the surrounding circumstances.

5. In this case the court concludes, from all the provisions of the will considered together, that the testator intended the proceeds of the sale of his real estate to be treated *as money for all purposes;* that the provision made for the testator's brothers and sisters was *not a devise* of real estate, but a *bequest* of money; and that J. C. M. is therefore a *legatee* in trust, and entitled to share the surplus with the other legatees in the ratio above stated.

6. The same result might be reached by holding that the testator used the word "legatee," not in the technical legal sense, but in the sense in which it is sometimes popularly used, to include all persons who take any part of an estate, whether real or personal, under the provisions of a will.

APPEAL from the Circuit Court for *Grant* County.

This appeal is from an order of the circuit court affirming an order of the county court of Grant county construing a clause in the last will of the testator relating to the disposition of the surplus of his estate over and above certain legacies and devises.

The testator, in and by such will, gave, devised and bequeathed to each of several persons therein named a specific sum; and to his brother, *John Calvin McCoy*, in trust for himself and his brothers and sisters, and their heirs, one-third of his estate; and his executor, *John M. Chandler*, the appellant, was therein directed to pay the amount of such bequest to the said *John Calvin* for the purposes aforesaid. The testator

expressed the opinion, in his will, that, in a certain contingency, there would be a surplus remaining after paying such bequests, and directed the disposition which should be made of it, in the following language: " I desire that the same may be divided between my legatees in the same ratio that I have already given them." The will authorizes the executor to sell the real estate in his discretion.

The estate is not settled, but there is a considerable surplus in the hands of the executor, and there will probably come to his hands a large additional surplus hereafter.

The executor claimed in the county court, as he does here, that *John Calvin McCoy* is only entitled under the will to one-third of the whole estate, and that the specific legatees are entitled to the surplus to be divided between them in the ratio of their respective legacies. On the the other hand, it was, and is claimed on behalf of *John Calvin*, that he is entitled not only to one-third of the whole estate, but also to a proportionate share of any surplus which may remain after paying such one-third and the specific legacies, such share to be computed on the basis of the amount of such one-third portion and of such legacies.

The county court adopted the latter view as the true one, and made an order for the distribution of the surplus in the hands of the executor, or which might thereafter come into his hands, to *John Calvin McCoy* and the other legatees, to be divided between them in proportion to the amount of their respective legacies; and, on appeal from such order, the circuit court held this to be the correct construction of the will.*

*Barber & Clementson*, for appellant, argued that the will must be construed in the light of surrounding circumstances, and

---

*The above statement of the case is from the pen of Mr. Justice LYON. The reporter has recited in the head notes the terms employed by the testator in various parts of the will, as throwing, perhaps, some light upon the question whether he employed the word "legatee" in its strict technical sense. — REP.

that the *intention* of the testator, as gathered from the whole instrument must govern, "notwithstanding any technical or literal meaning of particular clauses to the contrary" (*Yearnshaw's Appeal*, 25 Wis., 23 ; *Hopkins v. Holt*, 9 id., 230); that it was evident from the whole will that the testator intended his brother should take one-third of the estate and no more, as by this construction the surplus arising from the increase in value would be proportionally and equitably divided among the several legatees, whereas, by the construction adopted by the court below and contended for by the respondents, the share of *J. C. McCoy* would increase with the rise of the estate in value, in a much greater proportion and a more rapid ratio than those of the other legatees. They further contended that the testator's brother was not a legatee, within the meaning of the clause disposing of the surplus; that the words, "one-third of my estate" were broad enough to carry *real estate*, and would constitute him a *devisee* instead of a *legatee*, and, unless the executor should exercise his power of sale, would entitle him to have one-third of the real estate set off to him as such (2 Redf. on Wills, 454; Ward on Legacies, 208); that by taking one-third of the estate at its increased valuation, he would receive his proper and proportionate share of the *surplus* as the testator used the word, having in contemplation, as a basis, his estimate of the value of his estate, without reference to the contingency upon which the surplus depended.

*Wm. E. & Geo. B. Carter*, for respondent:

1. A legatee, in the primary and strictest sense of the word, is one to whom is left by will a gift of personal property (2 Black. Com., 512; 2 Steph. Com., 248; Ward on Legacies, 1); but the term has also a wider signification, and may cover a devise of *real estate*. 1 Burr., 268, 272 ; 3 Term, 716; Shep. Touch. (Preston's), 400. By either construction, the bequest to *J. C. McCoy* must be considered a legacy. The executor is required to *pay* the *amount* to him ; and it was clearly the intention of the testator that the whole estate should be turned

into money.   2.  The word *ratio*, used by the testator in dispos-
ing of the surplus, must be taken in its ordinary and grammat-
ical sense, and means *proportion*.   Thus construed, the rule of
distribution adopted by the county court, and affirmed at the
circuit court, must be held the true one, as otherwise, under
the rule contended for by appellant, the disposition of the sur-
plus would be out of all proportion, and the disproportion
would be magnified as the estate increased in value.

*Bushnell & Clark*, also for respondents, argued, *inter alia*, that
whether the bequest to *J. C. McCoy* was realty or not, the ex-
ecutor had virtually recognized his right to be considered a
legatee, by acquiescing in a former decree giving him one third
of the then surplus, and also by stipulating to admit the home-
stead, devised to the widow, to be a part of her legacy ; that the
language of the will was plain and unambiguous, and could not
be controlled or qualified by any conjectural or doubtful con-
structions arising out of extrinsic circumstances, nor altered by
parol evidence.   1 Redf. on Wills, 426–430, and cases cited ;
Jarman's Rules, No. 8.

LYON, J.   The question to be determined on this appeal is,
whether *John Calvin McCoy* is entitled, under the will, to a
share of the surplus in the hands of the executor, or which may
hereafter come to his hands.

If he is a *legatee*, manifestly he is entitled to share in such
surplus, because, in the direction contained in the will for the
distribution thereof, no legatee is excepted.   Our first inquiry
will be directed to that point, first premising (what every law-
yer knows) that a *legatee* is one who takes personal property,
and a *devisee*, one who takes real property, under a will.

The will under consideration contains the following clauses :
" I give, devise and bequeath all my estate, real and personal
(save what shall be necessary for the payment of my just debts
and funeral charges), in the following manner:   *   *   *   I
give to my brother, *John Calvin McCoy*, in trust for himself,

my brothers and sisters, and their heirs, to be divided equally among them, the one-third part of my estate, after my debts are paid, which amount I desire my executor to pay to *John Calvin McCoy*, for the purposes above stated. * * * I do hereby appoint *John M. Chandler*, of the town of Hazel Green, in the county of Grant, executor of this my last will and testament, and, for the purpose of paying my debts, and bequests hereinbefore made, I do hereby authorize and empower my said executor, whenever in his discretion he may think best to do so, to grant, bargain and sell," all and singular the real estate of which the testator died seized, except the homestead, which was devised to his wife.

It is a stipulated fact in the case, that the estate of the testator was insolvent when his will was admitted to probate, but its solvency was restored by the discovery, after that time, of valuable lead mines on lands belonging thereto, from the rents of which the executor received nearly all of the moneys in his hands. Of course, if the estate was insolvent at the time mentioned, all of the personal estate was necessarily absorbed in the payment of debts and expenses, and the real estate, and the rents, issues and profits thereof, constitute the whole estate for distribution to legatees and devisees. The proceeds of the sale of real estate is realty (Tay. Stats., 1193, § 57); and no good reason is perceived why the rent of mines, from which, as appears by the stipulation, nearly all of the surplus in the hands of the executor was derived, is not also realty. It is really the proceeds of the sale of mineral, which is part and parcel of the realty, and seems to come within the provisions of the statute above cited.

The power of sale contained in the will may be a devise in trust to the executor of such real estate as is not otherwise disposed of by the will; but it seems quite clear that as to the real estate which is otherwise disposed of therein, the executor takes only a general power in trust to sell the same, which leaves the realty, subject only to the execution of the power,

vested in the devisees named in the will. Such seems to be the result of the statutes on the subject. R. S., ch. 85, secs. 22 and 34, and ch. 84, sec. 12 (Tay. Stats., 1130, 1135, 1137). If, therefore, one-third of the real estate is given or devised to *John Calvin McCoy* in trust, it seems necessarily to follow that he is not a *legatee*, in the strictly legal and technical signification of that term, but that he is a devisee.

· But is one-third of the real estate so devised ? This question, and all other questions arising upon the proper construction of a will, must be determined by the intention of the testator, to be gathered from the terms of the will itself, as applied to the subject matter, and the surrounding circumstances. 1 Redfield on Wills, 433. As already stated, the will directs the executor to pay to *John Calvin McCoy* the *amount* to which he is entitled under it, and it empowers the executor to sell *all* of the real estate (except the homestead) to pay such amount and the other legacies bequeathed by the will. These clauses of the will, in substance and legal effect, are directions to the executor to sell the land and pay the bequests, including that to *John Calvin*, out of the proceeds of such sales.

The law applicable to this state of facts is thus stated by Judge Redfield, in his treatise on Wills : " The law allows the testator to direct an absolute conversion of real estate into money for all purposes, or what is called a 'conversion out and out.' To this end it is requisite, not only that the will contain a direction to change land into money, but that it should appear that it was the purpose of the testator that it should, after its conversion, be treated as money for all purposes. In all such cases, the avails of the land go, to all intents, in the same direction as if it had never been land." Part 2, p. 125.

We can come to no other conclusion than that the testator intended that the proceeds of the sale of his real estate should be treated as money for all purposes, and hence that the provision which he made in his will for his brothers and sisters is not a devise of real estate, but a bequest of money. It follows

that *John Calvin McCoy* is a *legatee* in trust, and not a *devisee* and that he is entitled to share in the surplus with the other legatees in the ratio of their respective legacies.

There is another view of the case which leads to the same result. The term "legatee" is sometimes used by unprofessional persons in a much broader sense than that above stated. It is not infrequently used as synonymous with "devisee," and such use is sanctioned by lexicographers. Chattels are *bequeathed* to a *legatee*, and real estate is *devised* to a *devisee;* yet, according to Webster's Dictionary, the verbs "bequeath" and "devise" are synonymes. We think that it can be gathered from the will itself and the surrounding circumstances, that the testator used the term "legatee" in his will in its broader and more popular sense, and that he intended that his brothers and sisters should share in the distribution of the surplus, even though they are technically devisees and not legatees. It does no violence to the language of the will to give it a construction which will carry out the intention of the testator in that behalf.

*By the Court.* — The judgment or order of the circuit court is affirmed.