CHRISTIE VS. KEATOR.

*May 28 — June 23, 1880.*

EVIDENCE.    *Uncertified scale bill of logs, when admissible as evidence.*

1.  In an action for balance due on logs sold and delivered, where a scale bill of the logs, made by a person employed for that purpose by defendant, was identified and its correctness shown by the testimony of the person who made it, there was no error in admitting it as evidence in plaintiff's behalf for all purposes, although it was not *certified* as required by the statute.

2.  In this case, tried by a referee, this court holds the judgment to be supported by the findings, and these by the evidence.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought to recover a balance claimed to be due the plaintiff from the defendant on a contract for cutting, hauling and delivering a quantity of pine logs.    Plaintiff, in his complaint, claims that he sold and delivered to the defendant 5,116 pine saw logs, measuring 1,921,758 feet, board measure, in Rock creek, on the ice, and on rollways on the bank thereof, for which the defendant agreed to pay him the sum of $6 per thousand, or $11,530.54, on or before the first of July, 1875; and that defendant has paid him only the sum of $10,000; and he claims there is still due him the sum of $2,451.42, for which he demands judgment.

" The defendant answers, and denies that plaintiff furnished the amount of logs stated in the complaint, but admits that plaintiff put into Rock creek 4,568 pine logs, measuring 1,716,098 feet, board measure; admits that he agreed to pay six dollars per thousand, but alleges that plaintiff was to deliver the logs in the main Black river, and that plaintiff has neglected and refused to drive a large portion of said logs, to wit, about 200,000 feet, out of Rock creek into said river, whereby he is damaged $1,000.    For a second answer he

Christie vs. Keator.

alleges a set-off of $1,144.06 for stumpage, which he claims was due him from the plaintiff for the timber out of which the logs were cut; also a set-off for two-thirds the value of 200,000 feet of pine logs, which he alleges he and plaintiff owned in common, plaintiff owning one-third and the defendant two-thirds, and which plaintiff had sold and converted to his own use, and not accounted for to the defendant. These counterclaims or set-offs were denied by the plaintiff.

" On the trial the defendant was allowed to amend his answer by adding allegations which set out that plaintiff and defendant were partners in the timber out of which these logs were cut and delivered by the plaintiff, and also in the logs themselves, and that no settlement of the partnership matters had ever been had between the parties, and ask that the plaintiff's complaint be dismissed.

" The case was referred, and tried by a referee. The report of the referee was duly confirmed, and judgment rendered thereon for the plaintiff. The referee found the following facts: *first*, that the plaintiff, at the request of the defendant, and pursuant to verbal agreement theretofore made, furnished, cut, marked, put in, *and delivered to the defendant, in Rock creek, in said county*, and caused to be driven into the main Black river, in substantial compliance with such agreement, 4,568 pine saw logs, which scaled 1,716,098 feet, at the consideration and price of six dollars per thousand feet, board measure, to be paid therefor by the defendant; *second*, that the defendant agreed to pay, and the plaintiff agreed to accept from him, for said logs so delivered and driven, the sum of six dollars per thousand, to be paid in advances and logging supplies, and in cash payments from time to time, and to be fully paid on or before November 1, 1875; *third*, that the logs were marked plain K on the side and end; *fourth*, that the contract price of the logs was $10,296.54; *fifth*, that defendant had paid in supplies and cash before suit commenced, on said logs, $9,018.11; *sixth*, that the plaintiff was the sole owner of the

timber out of which the logs were cut; that there was nothing due from the plaintiff for stumpage, and that there was no partnership between the parties as to the timber out of which the logs were cut, or in the logs themselves; *seventh*, that one item of $400.40, charged by the defendant on or about February 2, 1875, was not paid on account of these logs, but for the purchase of some land; that an item of $60 charged for scaling these logs was not a proper charge against the plaintiff; and that another item of $36 for driving was not a charge for driving these logs. As a conclusion of law, he reported that at the time of the commencement of this suit there was due the plaintiff the sum of $1,278.43."

Defendant appealed from the judgment.

The appeal was submitted on the brief of *James O'Neill* for the appellant, and that of *R. J. MacBride* and *B. F. French* for the respondent.

TAYLOR, J.   The errors alleged by the defendant and appellant are, that the first, fourth and sixth findings of fact are not supported by the evidence, and that the court erred in admitting a scale bill offered in evidence by the plaintiff. As to the last alleged error, we do not see how it can prejudice the defendant.   The bill was made by a person who was employed by the defendant, and this scale corresponds with the exact amount admitted in the defendant's answer as delivered by the plaintiff in Rock creek.   It is, however, insisted by the learned counsel for the defendant, that it should not have been admitted, as it was not properly certified; and that, as the bill showed the logs were marked plain K on the sides and ends, it prejudiced the defendant in that respect, as it was a litigated question whether the logs were marked plain K or K notch. But the record also shows that the man who made the scale was a witness in the case, and swore to the scale being a correct one, and that plain K was the only mark he discovered on the logs when scaled.   Under these circumstances we do

not think the defendant could have been prejudiced by the evidence; and, as identified and sworn to by the man who made it, we think the sale bill was competent evidence for all purposes.

We think the findings are sustained by the evidence; at all events, they are not against the clear preponderance of the evidence. The main fact in controversy was, whether the plaintiff was to deliver the logs in the Black river or in Rock creek. Plaintiff insisted, and swore upon the trial, that he was to have six dollars per thousand for delivering the logs in Rock creek, and that he was to have fifty cents more per thousand if he drove them into the river. The defendant's evidence was that he was to drive them into the main river for six dollars per thousand. The referee found that the plaintiff delivered the logs to the defendant in Rock creek, but that he bound himself to run them into the main river for the defendant as a part of his contract, and that he did run them as agreed; holding also that the plaintiff would only be liable in damages to the defendant for negligence in running them, and that in the absence of negligence on his part the loss occurring in the running would be the loss of the defendant.

In this view of the case the finding is fully sustained by the evidence. There is, in fact, no evidence establishing any negligence on the part of the plaintiff in running the logs. The logs were scaled in Rock creek, at the request of the defendant, and the evidence also shows that as late as April, 1877, nearly two years after the logs were delivered to the defendant, he made out an account of the transaction, in which he credited the plaintiff with the whole quantity of logs delivered to him, as found by the referee, in Rock creek, viz., 1,716,098 feet, and stated the amount due the plaintiff for the same at the sum of $10,296.53, making no deduction for any logs not driven from the creek into the main river. This statement, made by the defendant himself, was very strong evidence that the delivery of the logs, so as to pass the title to the de-

fendant, was to be in Rock creek, and not in the main river, as now claimed; and that the running of the logs into the main river was to be done by the plaintiff for the defendant, and not on his own account in order to make a delivery of the same to the defendant.   In this account, so stated by the defendant, he only credits himself with the sum of $9,144.85, after deducting one item of $400 which he admitted on the trial should not have been charged, as it was a payment in part for forty acres of land, and giving a credit to the plaintiff of $100 more, the balance due him for said land.

The amount found due to the plaintiff by the referee is but $126.70 more than that admitted to be due by the account so made out by the defendant, as corrected by his own evidence on the trial.   Ninety-six dollars of this discrepancy is accounted for in the seventh finding of fact, which rejects two items amounting to that sum, and which finding is not even excepted to by the defendant.   The difference between the amount found due the plaintiff by the referee, and the amount as stated by the defendant himself, rejecting the $96 properly disallowed by the referee, is only $30.   How this difference is accounted for is not very clear, from the fact that the items of account, as stated by the defendant, do not appear in the bill of exceptions.   The bill states that the memorandum or statement made by the defendant was introduced in evidence, and marked Exhibit I; but, as no such exhibit appears in the bill, we must presume it was properly accounted for until the contrary is shown.

The evidence, we think, fully sustains the sixth finding, that the plaintiff was the sole owner of the timber and trees out of which the logs were cut; that no partnership existed between the plaintiff and defendant as to such timber or trees; and that the plaintiff did not agree to deduct from the price of the logs, at six dollars per thousand, the sum of seventy-five cents per thousand — the alleged value of the defendant's interest in the stumpage in the standing timber from which

the logs were cut. The evidence to establish any right in the defendant to the standing timber is vague and uncertain, and is positively denied by the plaintiff, who shows that he purchased and paid for all the timber from which the logs were cut. No evidence was given tending to prove the set-off or counterclaim for two-thirds of the value of 200,000 feet of pine logs alleged to have been owned by the defendant, and sold and converted by the plaintiff.

We find nothing in the case indicating that any injustice has been done to the defendant by the judgment of the court below.

*By the Court.*— The judgment of the circuit court is affirmed.