STUBBINGS, Respondent, vs. DOCKERY and others, Appellants.

*November 20 — December 15, 1891.*

*Sale of chattels: Delivery: Evidence: Memoranda.*

In an action for goods sold and delivered, plaintiff's manager testified that the charges for goods sold the defendants were made in plaintiff's books partly by himself and partly by others; that he knew personally that the goods thus charged were placed in wagons in charge of two teamsters, to be hauled to defendants' camp; that he checked the entries in the books as the goods were placed in the wagons, and knew that all the goods therein charged were thus loaded and started for defendants' camp, and that they were of the value stated in the complaint. The teamsters testified that they delivered to the defendants all the goods thus entrusted to them. *Held*, that this evidence proved the sale and delivery, although the testimony of the manager as to what goods were delivered was based upon the entries checked by him. His check-marks made the entries so far his own that he might refer to them to refresh his recollection.

APPEAL from the Circuit Court for *Ashland* County. The action is against the members of a certain copart-

nership firm doing business under the name of "Silver & Lead Option Co." to recover an alleged balance of $298.68 on an account for goods sold and delivered by plaintiff to defendants; also for transportation of such goods, $65.25; for freight charges, $1.08; and for board of defendants' employees, $6.80.  The answer of defendants admits their partnership as alleged, and denies all other allegations of the complaint.  A payment of $65, not allowed in the complaint, is admitted by plaintiff.  The case was referred, pursuant to a stipulation of the parties, to a referee, to hear, try, and determine the issues therein.  A trial was had before the referee (the defendants offering no testimony), and the referee found for plaintiff on all the issues, and duly reported such findings to the court, and that the plaintiff was entitled to judgment for $306.27, with interest from a certain date, and for costs.  On motion of plaintiff the report was confirmed, and judgment against defendants was ordered and entered pursuant thereto.  The court subsequently denied a motion of defendants to set aside the judgment and for a new trial.

The defendants appeal from the judgment and from the order last mentioned.

For the appellants there was a brief by *Rublee A. Cole*, attorney, and *Dockery & Kingston*, of counsel, and oral argument by *W. M. Tomkins*.

*A. E. Dixon*, for the respondent.

LYON, J.  The only question argued on this appeal relates to the admissibility and sufficiency of the testimony to prove that the goods in question were delivered to the defendants.  Such testimony is substantially as follows: One Hamlin testified that he had general charge of plaintiff's business, including the filling of orders for goods; that the charges for goods sold and delivered to defendants' firm were made in the account books of plaintiff, partly by him-

self, and partly by others; that he knew personally the goods thus charged to defendants were placed in wagons in charge of two teamsters,— Scott and Orms,— to be hauled to the defendants' camp; that he checked such entries in the books as the goods were placed in the wagons, and knows that all the goods therein charged were thus loaded and started for defendants' camp, and that the same were of the value stated in the complaint, to wit, $552.06. Scott and Orms each testified that all such goods put in his charge for defendants were transported and delivered by him to defendants at the camp of the firm or company. The charges in plaintiff's account for hauling goods, for board of men, and for money paid for freight were conclusively proved as alleged.

The defendants put in no testimony, and there is no conflict of proof. The account books of plaintiff were not offered in evidence, but presumably were present when Hamlin gave his testimony. No bill of items of plaintiff's account was demanded or furnished, and the testimony was all directed to the aggregate of such account and balance, without regard to the particular items thereof.

We are clearly of the opinion that the testimony of Hamlin, Scott, and Orms proves the sale and delivery of the goods by plaintiff to defendants, the value thereof, and the amount due thereon as alleged in the complaint. True, Hamlin was unable from his unaided recollection to state precisely what goods were so delivered, or the prices at which they were charged, but the entries in the books were verified by his check-marks showing that the goods charged in each entry were by him forwarded to defendants. These check-marks make such entries so far his own that he may properly refer to them as memoranda to refresh his recollection, and his testimony based upon them is undoubtedly admissible, and equally as satisfactory and convincing as it would have been had he made all the entries himself.

We conclude that the referee decided the case correctly, and hence that the court properly confirmed his findings and report. The judgment being in accordance with such findings, and no valid reason for setting it aside appearing, it must be affirmed, as must also the order denying the motion to vacate the same and for a new trial.

*By the Court.*— Judgment and order affirmed.