TAYLOR, Respondent, vs. DAVIS and others, Appellants.

*March 26 — June 15, 1892.*

*Sale of chattels: Evidence: Written contract and conflicting oral agreement: Account books.*

1. In an action for a balance due for lumber sold and delivered it appeared from the complaint that there had been a contract for the sale thereof, but did not appear whether such contract was written or oral. If not in writing, the contract was void. *Held*, that a. written contract for the sale of the lumber was properly admitted in evidence.

2. In the absence of fraud or mistake, a written contract cannot be contradicted or varied by proof of a conflicting oral agreement made prior to its delivery.

3. The shipping-book of the vendor of lumber was admissible in evidence under sec. 4186, R. S., upon proof by his scaler that he correctly scaled the lumber, entering the scale upon slips which he sent to the office, and proof by the book-keeper that the slips were handed in to him and correct entries therefrom made by him upon the shipping-book, which was the original book of entry.

4. Evidence of the weight of lumber shipped was admissible as tending to show the quantity.

5. Freight bills of lumber paid by the vendee were admissible to rebut his testimony as to the quantity actually received.

APPEAL from the Circuit Court for *St. Croix* County.

The complaint alleges in effect that March 29, 1889, the plaintiff, at Barron, Wis., at the special instance and request of the defendants, under the firm name of D. C. Davis & Sons, sold, and in the month of April, 1889, delivered, to them 111,198 feet of birch lumber at the agreed price of $7 per thousand feet, amounting to $778.28; that no part thereof has been paid, except the sum of $593.12, and that there is now due and owing the plaintiff on account thereof the sum of $185.16, for which amount, with interest and costs, judgment is demanded.

The answer consists of admissions and denials, and alleges in effect that April 1, 1889, the plaintiff, to induce the defendants to purchase said lumber, represented and warranted the same to be of good, merchantable quality for log run with mill culls out; that, relying upon said warranty and representations, the defendants purchased the same; that the same was unsound, rotten, and entirely worthless. Special damages are alleged, and also that the plaintiff omitted and neglected to ship 38,000 feet of said lumber, to the damage of the defendants. The same facts are also alleged in a counterclaim, to which the plaintiff replied.

Upon the trial the plaintiff offered in evidence a written contract, of which the following is a copy:

"March 29th.

"I have this day bought of *J. W. Taylor* all the birch lumber now in the yard of J. B. Judd, except what mill culls said *Taylor* sees fit to throw out. Price $7 per thousand. F. O. B. Barron. Terms, sixty days' acceptance, or two per cent. discount for cash, ten days. Said lumber to be shipped before April 15, 1889. Received $5 cash on above contract.                    D. C. Davis & Sons.

"Accepted. J. W. Taylor."

At the close of the trial the jury returned a verdict in

favor of the plaintiff for the amount of his claim, with interest, and from the judgment thereon the defendants appeal.

The cause was submitted for the appellants on the brief of *Bashford & Disney*, attorneys, and *Bashford, O'Connor & Polleys*, of counsel, and for the respondent on the brief of *R. H. Start*.

Counsel for the appellants contended, *inter alia*, that the testimony offered on behalf of the plaintiff as to the quantity of lumber shipped, as shown by his shipping-book, was improperly admitted, as was also the shipping-book itself. *Christie v. Keator*, 49 Wis. 640; *Smith v. Schulenberg*, 34 id. 41; *Atkinson v. Morse*, 57 Mich. 276; *Eder v. Reilly*, 51 N. W. Rep. (Minn.), 226; *Steele v. Schricker*, 55 Wis. 134–140; *Fornette v. Carmichael*, 41 id. 200; *Campbell v. Moore*, 3 id. 767; *Gay v. Fretwell*, 9 id. 186, 192; *Tewksbury v. Schulenberg*, 48 id. 577; *Riggs v. Weise*, 24 id. 545; *Schettler v. Jones*, 20 id. 412, 417; *Hill v. State*, 17 id. 675, 679.

To the point that the evidence of the book-keeper and the shipping-book were admissible, counsel for the respondent cited *Christie v. Keator*, 49 Wis. 642, 643; *Morris v. Briggs*, 3 Cush. 342; *Barker v. Haskell*, 9 id. 218; *Riggs v. Weise*, 24 Wis. 545; *Hall v. Glidden*, 39 Me. 445; *Schettler v. Jones*, 20 Wis. 412; *Curran v. Witter*, 68 id. 23; *Jones v. Orton*, 65 id. 9; *Faxon v. Hollis*, 13 Mass. 427; *Smith v. Sanford*, 12 Pick. 139; 2 Am. & Eng. Ency. of Law, 468, and note 1.

CASSODAY, J. Exception is taken because the court admitted in evidence the written contract found in the foregoing statement. The grounds of the objection appear to be that the complaint is not based upon a written contract, nor any contract, but upon a balance due for goods sold and delivered. It does appear from the complaint, however, that there was a contract of bargain and sale for

the lumber between the parties, and the substance of it, without stating whether it was oral or written. Since the amount to be paid for the lumber was such as to make the contract void unless in writing, the defendants and the court were bound to infer that the contract alleged was a valid contract and hence in writing. *Robbins v. Deverill*, 20 Wis. 142; *Bank of River Falls v. German Am. Ins. Co.* 72 Wis. 538.

The execution of this written contract is conceded by the defendants. There appears to be no evidence in the record that this written contract was ever modified, or that the same was procured by false representations. This being so, it continued to be binding upon the parties; and hence all prior negotiations and all preliminary agreements, in so far as they were covered by or in conflict with that contract, must be regarded as either merged in or excluded from the contract thus made. *Herbst v. Lowe*, 65 Wis. 321. It follows that the court properly struck out the testimony of *D. C. Davis* to the effect that before the written contract was delivered the plaintiff agreed that if the defendants would leave it to his honor no lumber should be "put on the cars except good, merchantable lumber" with which they would be satisfied. That testimony, if admitted, would have been in direct conflict with the express terms of the written contract, which covered "all birch lumber" then in Judd's yard, regardless of quality, "except what mill culls" the plaintiff saw fit to throw out. Since the defendants only sought to prove their counterclaim by such excluded testimony, it is manifest that the court was not called upon to submit the same to the jury. For the same reason we must hold that the court committed no error in charging the jury to the effect that they had nothing to do with the quality of the lumber, but should simply determine the quantity shipped upon the cars at Barron.

It only remains to be considered whether there were any

errors in the admission of testimony. It is claimed that
the plaintiff's shipping-book was improperly admitted in
evidence. The scaler testified to the effect that he worked
for Judd in the lumber business; that he had seven years'
experience in the scaling of logs; that to the best of his
knowledge he scaled the birch lumber shipped to defendants;
that he kept an account of it in a book, and handed it in to
the office,— sometimes to Judd, and sometimes to the book-
keeper, and sometimes to Judd's wife,— she was helping in
the office; that he put the scale of this birch lumber on a
piece of paper, and sent it into the office; that the slips so
sent into the office contained a correct scale of this lumber.
The book-keeper testified to the effect that he was the
plaintiff's book-keeper during the time this birch lumber
was shipped; that these scale bills or slips made by the
scaler named were handed in to him, and that he at the same
time correctly entered the memoranda thereon in the ship-
ping-book which he had then in court; that upon such en-
tries being made such slips or scale bills were destroyed;
that such shipping-book was kept in the office at the
time, and used in the transaction of the business, and was
the original book of entry; that the entries were in his
handwriting, and were correct; that the amount of such
birch lumber so shipped to defendants was 111,171 feet;
that the shipping bills were made after the entries in the
book and from the book. We are constrained to hold that
this shipping-book was properly admitted in evidence under
sec. 4186, R. S., and the rules frequently sanctioned by this
court. *Schettler v. Jones,* 20 Wis. 412; *Riggs v. Weise,* 24
Wis. 545; *Smith v. Schulenberg,* 34 Wis. 41; *Christie v.
Keator,* 49 Wis. 640; *Jones v. Orton,* 65 Wis. 9; *Curran v.
Witter,* 68 Wis. 16; *Stubbings v. Dockery,* 80 Wis. 618. The
rule is elementary. 1 Greenl. Ev. § 117, and notes. So the
weight of the lumber shipped tended to prove the quantity,
and hence was admissible. Exception is taken because

the freight bills of this lumber were admitted in evidence. It is claimed that if they were admissible at all they should have been put in as a part of the plaintiff's case, and not by way of rebuttal. But the order of proof is very much in the discretion of the trial court, and, assuming the correctness of the rule stated, we perceive no such abuse of that discretion as would authorize us to disturb the judgment on that ground. The defendant *S. C. Davis* testified to the effect that he paid these freight bills of this lumber; and we think they were admissible as tending to rebut the testimony on the part of the defense as to the quantity of lumber actually received.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.