CORSE (ALEXANDRIA v.). See Case No. 183.

CORSE (NORTHWESTERN DISTILLING CO. v.). See Case No. 10,335.

———

# Case No. 3,255.

## CORSER v. CRAIG.

[1 Wash. C. C. 424.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

INDORSEMENT OF BILL OF EXCHANGE — ASSIGNMENT OF CHOSE IN ACTION — RIGHTS OF ASSIGNEE IN EQUITY—SET-OFF.

1. A, having funds in the hands of B, drew a bill of exchange in favor of C, who endorsed it to D and E, to whom he was indebted, and the bill being protested for non-acceptance, D and E brought a suit against B, the drawee, in the name of C, the endorser; and, before judgment, an attachment was laid upon the funds in hands of B, as the property of C, and judgment obtain-

———

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

ed against B, as the garnishee. *Held*, that the attachment will not affect the right of D and E, to recover the amount of the bill from the drawer; the right to the funds in the hands of the drawee, being completely vested in D and E, by the endorsement of the bill.

[Cited in Brown v. Hartford Fire Ins. Co., Case No. 2,009.]

2. Courts of law, as well as equity, will take notice of assignments of choses in action; and to every substantial purpose, will protect the rights of the assignee.

3. The beneficial interest of the assignee is so far regarded, that the defendant may set off a debt due from the assignee to him; in like manner as if the suit had been brought in his own name.

[Cited in Whetmore v. Murdock, Case No. 17,509.]

The case was as follows. In December, 1799, Philips & Corser, of Curracoa, being indebted to Petit & Bayard, in a considerable sum, transmitted them a bill of exchange, drawn by Chanceaulm, in favour of Philips & Corser, on John Craig of Philadelphia, endorsed by Philips & Corser, for 3450 dollars, in part discharge of this debt, as they expressly state in their letter to Petit & Bayard, dated the 22d March, 1800. The bill not being accepted, it was duly protested, and was retained by Petit & Bayard, who produced it on the trial. The bill appears, upon the face of it, to be drawn to reimburse Philips & Corser, the above sum advanced by them for the repairs and disbursements of the George Washington, a ship purchased by Chanceaulm, in the West Indies, for Craig. This suit was instituted by Petit & Bayard, in April, 1803, in the name of Corser, the surviving partner of Philips & Corser, to recover the above sum, being the amount of the advances made as above mentioned. The defendant put in two pleas. First; the general issue: and, secondly; an attachment by Barry, Cole & Barry, against Corser, on which the defendant was summoned, as garnishee, in September, 1803, on which judgment was rendered in December, 1804, for 2029 dollars and 93 cents. To the second plea, the plaintiff replied, in substance, that this debt was assigned to, and vested in Petit & Bayard, long before the suing out the above attachment; on which issue was joined. On the trial, it appeared that Corser continued debtor to Petit & Bayard, to a larger amount than the sum now demanded; and, it was agreed, that the jury should only try the question, whether Craig was liable to Corser in any, and what sum; reserving the question, whether the attachment and judgment, under the circumstances of the case, are a bar to the recovery of the sum which the jury should find, or to any part of it.

The only question for the jury to decide, was, whether Chanceaulm had authority to borrow this money, to lay out upon the repairs and disbursements of the vessel. The jury found a verdict for the whole sum, with interest.

The cause coming on upon the point reserved, Ingersoll, for the plaintiff, contended, that the bill of exchange was an assignment of this debt to Petit & Bayard; and, though the bill being refused acceptance, their title was only an equitable one; yet, that was sufficient to protect the debt, in the hands of Craig, from the attachment of the creditors of Corser. Cases cited: [Ex parte Byas] 1 Atk. 124; 1 Strange, 165, 166; Amb. 297; 1 Ves. Jr. 280; Doug. 365; [Vanhorn's Lessee v. Harrison] 1 Dall. [1 U. S.] 139; [Pollard v. Shaaffer] 2 Dall. [2 U. S.] 215.

Hopkinson, on the other side, insisted, that a bill, drawn on the personal credit of the drawee, generally does not operate as an appropriation, or assignment of the debt; and that it is absurd for Corser to recover this money, upon the ground of showing that Petit & Bayard, not he, is entitled to it. That great mischiefs would happen, if these latent equities receive the sanction of courts; particularly, if they are to be so far noticed, as to overreach the judgment obtained by another creditor upon attachment. But that, at any rate, Petit & Bayard could not be noticed, unless it appeared on the face of the proceedings, that the suit was brought for the use of the equitable claimant. Cases cited: [Mifflin v. Bingham] 2 Dall. [2 U. S.] 276; 1 Ves. Sr. 332; 1 Ves. Jr. 280.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

The point reserved is, whether, under the circumstances of this case, the plaintiff is prevented, by the attachment and judgment, from recovering the sum found due by the verdict, for the use of Petit & Bayard. In considering this, there are two questions which present themselves: First; did the bill of exchange, separately, or taken in connexion with the letter of the 22d March, from the plaintiff to Petit & Bayard, amount to an assignment and appropriation of the debt due from Craig, (and for which the bill was drawn,) to Petit & Bayard? and, secondly; if it did, is that right so far protected by law, that it could not be attached, in the hands of Craig, by other creditors of Corser, so as to defeat the right of Petit & Bayard? First; what is the nature of a bill of exchange? The definition of it is, "an instrument, by means of which a creditor may assign to a third person, the legal, as well as the equitable interest in a debt raised by it, so as to vest in such assignee, a right of action against the original debtor." 1 H. Bl. 602; Chit. Bills, 1, 2. It is an open letter of request, from one person to another, authorizing that person to pay the sum therein mentioned, to a third person; and is an assignment, to such third person, of a debt

due from the drawee to the drawer. If the drawee acknowledge that the debt thus assigned is due, by accepting the bill, then the holder may recover against him in his own name; bills of exchange being considered in favour of commerce, exceptions from the common law rules, respecting the assignment of choses in action. If the drawee refuse to accept, and pay the bill, the right of the holder, to the debt once assigned to him, is not thereby impaired; although he may not be entitled to recover the same in his own name, for the want of a promise to pay. But he may sue the drawer, or the drawee, in the name of the drawer, for the debt originally due, in consequence of the implied contract of the assignor of a chose in action, that the debtor shall pay, and on failure, that the assignor will. The bill being retained after protest, by the assignee, is evidence, that the amount has not been paid by the drawer, or any of the endorsers. I see no possible mischief which can result from this doctrine. For, if after payment refused, and protest made, the drawee should pay over the funds in his hands to the drawer, or to his order, without notice from the first assignee, that he should retain the bill, and look to him for the amount, so far as he was bound to pay; this would be a good defence against a suit brought in the name of the drawer. If, then, the debt in question was assigned to Petit & Bayard, by the bill of exchange, and the same remains still unsatisfied to them, and unpaid by the defendant; can third persons, creditors of Corser, but not claiming as assignees from him, defeat the right of Petit & Bayard, by an attachment served on Craig, as the debtor of Corser? It is now a long time since those objections, which once existed to the assignment of choses in action, have ceased to be more than formal. Courts of law, imitating the example of courts of equity, take notice of such assignments, and will, to every substantial purpose, give them effect; although they have not yet ventured to sustain an action brought in the name of the assignee. But the beneficial interest vested in the assignee, is so far regarded, that the defendant is allowed to set off a debt due from the assignee, in the same manner, as if the action had been brought in his name.[2] Regarding Petit & Bayard, therefore, as being substantially the plaintiffs in this action, and beneficially entitled to the debt, upon which this attachment is levied; they have a right to recover under the name of Corser, notwithstanding the attachment and judgment against him in the state court. Judgment must be entered for the plaintiff.

---

[2] Whether it is necessary, that the interest of the cestui que trust should be mentioned in the writ and declaration, need not be determined, because, if such be the rule, it is sufficient, if it appears in any part of the pleadings; and this replication states fully, the title of Petit & Bayard; which title the second issue is intended to try. See Winch v. Keeley, 1 Term R. 619.