## O'NEILL vs. BRADFORD and another.

CERTIFICATE OF DEPOSIT — INDORSEMENT. A. transferred by indorsement to B. a certificate of deposit issued to him, to the effect that A. had deposited in the Mineral Point Bank $70, to his own account, subject to his order on the return of the certificate ninety days after its date, in specie. *Held*, that such certificate was neither a bill of exchange nor a promissory note, and was not negotiable, and that A. was not liable on such indorsement, according to the law merchant. *Lindsey v. McClellan*, 18 Wis. 481; *Ford v. Mitchell*, 15 id. 304.

ERROR to the District Court for *Iowa* County. The case is stated in the opinion of the court.
*F. J. Dunn*, for plaintiff in error.
*Parley Eaton*, for defendant in error.

MILLER, J. This suit was brought in the district court for Iowa county, by the defendants in error as indorsees, against the plaintiff in error as indorser of a certificate of deposit, of which this is a copy :

"BANK OF MINERAL POINT, }
June 4, 1841. }

70 dollars.

John F. O'Neill has deposited in this office $70 to his own account, subject to his order on return of this certificate ninety days after date, in specie.

(Signed) PORTER BRACE, *Teller*."

The declaration contains averments of an indorsement at the date of the certificate to the plaintiff, and a demand and notice usual in a declaration in a suit by indorsee against indorser of a bill of exchange. At the trial the court instructed the jury "that this certificate was subject to all the rules of law and evidence governing a bill of exchange, and particularly that a want of assets in the hands of the drawee would excuse a want of notice to the defendant of the non-payment of the certificate." To this opinion of the court the defendant excepted, and assigns the same for error.

The court is satisfied that this paper cannot be treated in any particular as a bill of exchange. A bill of exchange is an assignment and appropriation of so much money in the hands of the drawee to the use of the payee. *Conser v. Craig*, 1 Wash. C. C. 424. If accepted, the right of the payee is a legal one. This certificate is not an assignment of so much money in the hands of any person, nor is it accepted. It is only an evidence of debt against the bank for the amount of $70. The money was deposited by *O'Neill* to his own account, subject to his order on return of the certificate. The money passed to *O'Neill's* own account in the bank, and could only be drawn out by him on his order and return of the certificate. The certificate merely raises or contains an implied promise of the bank to pay, on *condition that O'Neill shall draw his order on the bank for the money and return it*. The relation of debtor and creditor is created; and the money having been deposited by *O'Neill* to his own account, by the rules of banking,

might be applied by the bank to the payment of any demand it might have against the depositor. *Albany Commercial Bank v. Hughes*, 17 Wend. 94. This paper is not a negotiable instrument, according to the principles of the law merchant. It is not a promissory note according to the statute, for it contains no *express* promise to pay ; nor as we have seen, is it a bill of exchange, nor does it partake of that character. It is supposed from the charge of the court, that the indorsement was considered effectively a bank check, which has most of the properties of a bill of exchange. A check must not only be indorsed to order, but must contain a request addressed to the cashier to pay, on presentment, a specific sum of money. For this purpose, an indorsement of this certificate is not sufficient. None but a commercial instrument is a subject of reference to fix the terms of an indorsement. This certificate probably, for the purposes of transfer, was payable to order, but for purposes of commercial responsibility was not negotiable. The supreme court of Pennsylvania, in *Patterson v. Poindexter*, in which Chief Justice GIBSON delivered the opinion, published in the Law Reporter for April, 1844, decided that a certificate of deposit in these words :

"Mississippi Union Bank, No. 716, Jackson, Mississippi, July 2, 1839 : I hereby certify that C. S. Torply has deposited in this bank, payable twelve months from 1st May, 1839, with 5 per cent interest, till due, per annum, $3,691 for the use of R. Patterson & Co., and payable only to their order upon the return of this certificate." Signed, "C. W. Clifton, assistant cashier." Indorsed, "Presented 1st May, 1840, Wm. P. Wynn, teller," was neither a promissory note or bill of exchange, and was not negotiable. This case is an authority directly in point, and conclusive upon the case under consideration. It is considered by the court that the judgment of the district court of Iowa county be reversed.