Riggs vs. Weise and another.

| 24 | 545 |
|----|-----|
| 82 | 459 |

| 24 | 545 |
|----|-----|
| 52 LRA | 597n |

## Riggs vs. Weise and another.

*Evidence.*

Where the correctness of entries in an account book is established by the positive testimony of a witness, he may state what facts appear therefrom, although he does not now remember those facts, and the entries were not made by him, but by another person from his memoranda.

APPEAL from the County Court for *Outagamie* County.

Money demand, for sawing lumber. Plaintiff called, as his witness, William Gerry, who had done the sawing and kept the book in which the charges were entered. Gerry swore positively that the entries were correct; that they were made by his wife from memoranda furnished by him, usually every Saturday night, he reading them off to her, and looking over to see that she wrote them down, and to satisfy himself that they were correctly entered. Witness was then requested to make

the computation from the book, and ascertain the quantity of lumber sawed; and was permitted to do so, against defendants' objection. On the whole evidence in the case, the court found for the plaintiff; and from a judgment in his favor, the defendants appealed.

*Hudd & Wigman,* for appellants.

*W. S. Warner,* for respondent.

DIXON, C. J. The question is, whether Gerry, after having sworn positively that he knew the entries in the book were correct, could be permitted to testify to the quantity of lumber sawed, as appeared from such entries, although, independently of the entries, he had no present recollection of the facts stated therein. This was the precise question decided by this court in *Schettler v. Jones* (20 Wis. 417); and the court below was right in admitting the testimony. The correctness of the entries being thus established by a living witness to them, it was competent for such witness, or any other, to state their contents to the court. And the fact that the entries were made by the wife of the witness from memoranda furnished by him can make no difference. It is the positive oath of the witness, verifying the correctness of the entries at the time they were made, which makes the reading or statement of their contents to the court or jury admissible. See *Hill v. The State,* 17 Wis. 675, 679.

*By the Court.* — Judgment affirmed.