## Rufus Cate v. Thomas L. Patterson.

*Certificate of deposit: Promissory. note: Declaration.* A certificate of deposit which is dated and is in the following form, viz: "H. C. Riggs, Esq., has deposited in this bank five hundred and fifty dollars, payable to the order of Rufus Cate, with interest if left three months, on the return of this certificate," is in legal effect a promissory note, within the meaning of the statute (*Comp. L. 1857, § 4161*) providing for declaring upon bills of exchange and promissory notes by appending a copy thereof to the money counts.

*Endorser: Certificate of deposit: Presentment for payment.* Where such a certificate has been transferred by the payee and endorsed by him before the expiration of the three months, with a special request not to present it until the expiration of the three months, and the accrued interest at the date of the transfer, was actually paid to him on the transfer, and the purchaser presented it the next day after the expiration of the three months, and the bank has, in the meantime, failed, such payee, in an action against him as endorser thereof, by such purchaser, is not relieved from liability on the ground that the presentment for payment was not in due time.

*Certificate of deposit: Endorser: Promissory note.* The endorser of such a certificate assumes the same liability as the endorser of a promissory note of like tenor.

*Charge to the jury construed.* Where, in response to a request to charge that the plaintiff is not entitled to recover upon said instrument against the defendant as endorser, because the same is not in law a negotiable promissory note, the court charges that the instrument is a promissory note, and that the defendant is liable as endorser upon the same, such charge will be construed to mean only that the defendant was liable as an endorser in the same manner and to

the same extent as if the instrument had been a promissory note in the ordinary form, endorsed by him, and is not open to the objection that it took the evidence entirely from the jury.

*Heard May 14.    Decided July 9.*

Error to Oakland Circuit.

*H. J. Beakes,* for plaintiff in error, cited: *Sibree v. Tripp, 15 M. and W., 22; Horn v. Redfearm, 4 Bing., N. C., 433; Patterson v. Poindexter, 6 Watts and Serg., 227; Chamley v. Dulle, 8 Watts and Serg., 353.*

*Patterson & Patterson* and *F. A. Baker,* for defendant in error, cited: *Poorman v. Mills, 35 Cal., 118; Miller v. Austen, 13 How. (U. S.), 218; Bank v. Farnsworth, 18 Ill., 563; Laughlin v. Marshall, 19 Ill., 390; Kilgore v. Bulkley, 14 Conn., 362; Carey v. McDougad, 7 Geo., 84; Johnson v. Barney, 1 Iowa, 531; Bean v. Briggs, 1 Clark, (Iowa), 488; Smillie v. Stevens, 39 Vermont, 315; Howe v. Harkness, 11 Ohio (N. S.), 449; Hunt v. Divine, 37 Ill., 137.*

CHRISTIANCY, CH. J.

Defendant in errror brought his action in the court below against plaintiff in error as endorser of the certificate of deposit of which the following is a copy:
" No. 6416.    D. L. Latourette, successor of the First National Bank of Fenton, Michigan.

" FENTON, July 18, 1871.

" H. C. Riggs, Esq., has deposited in this bank five hundred and fifty dollars, payable to the order of Rufus Cate, with interest if left three months, on the return of this certificate.

" D. L. LATOURETTE, Cashier."

This certificate was indorsed by Cate, to whose order it

was payable. The declaration was upon the common counts, with a copy of the certificate and endorsement attached, the plaintiff treating it as a promissory note. Its introduction in evidence was objected to, on the ground that it was not a promissory note within the meaning of *Comp. L. of 1857*, § *4161,* which allows this mode of declaring upon promissory notes and bills of exchange. The circuit judge held it to be, in legal effect, a promissory note, and therefore admitted it in evidence; and this presents the main question in the case.

We think this ruling of the circuit judge was right, and that the instrument was, in legal effect, a promissory note. It contains all the elements necessary to constitute a promissory note; the statement of the deposit being, in legal effect, no more than a statement of the consideration, and the word "payable," in the context in which it stands, must be treated as an express promise to pay, as this is the only possible meaning which can be attributed to it. It was payable on demand, no other time being fixed, and the sum was certain, within the meaning of that term as generally used in the definition of a promissory note; the amount of principal was certain at all events, and though, if left for three months, interest was to be added from its date; yet there was no time, whether before or after the expiration of the three months, when, if payment had been demanded, the amount due would not have been absolutely certain,—if before the three months, the stated principal only,—if after that time, the interest to be added to that principal.

We are aware that there are a few decisions, and these are cited by the counsel for plaintiff in error, which might seem to be opposed to the conclusion we have adopted; but the great weight of authority sustains our conclusion, as will sufficiently appear by the cases cited on the part of

defendant in error.   As we are entirely satisfied the latter
are more in accordance with just principle and founded on
the better reason, we shall not here enter upon an analysis
of the authorities.

It is further assigned for error, that the court refused
to charge that, if the jury should find that the certificate
was passed to the plaintiff on the second day of October,
1871, and that Latourette failed on the tenth day of the
same month, then, the presentment for payment (which was
made on the 19th of October, 1871) was not in due time
to render the endorser liable.

But it was proved, and not disputed, that when Cate, the
endorser, transferred the certificate to the plaintiff (below),
on the second day of October, he specially requested the
plaintiff not to present it until the expiration of the three
months, so that it would draw interest, and that the amount
of the then accrued interest, eight dollars and two cents,
was actually allowed to Cate and paid to him by the plain-
tiff.   He was, therefore, under no obligation to present it
for payment until the expiration of the three months; and
he did present it the very next day after the three months
had expired.   The court was, therefore, right in refusing
the charge requested.

The defendant below (plaintiff in error) also requested
the court to charge, that the plaintiff is not entitled to
recover upon the instrument given in evidence, against the
defendant, Rufus Cate, as an endorser, because the same is
not in law a negotiable promissory note.   In reply to this
request the court charged, that the instrument was a prom-
issory note, and that the defendant was liable as endorser
upon the same.

This charge is assigned for error, because, it is said, it
took the evidence entirely from the jury; and that, even
though the evidence clearly warranted such a finding, and,

if believed, required it; yet the jury might not have believed it, and might have found that defendant was not liable, etc.

But this charge was so evidently *in answer* to the *request,* and so clearly intended to be a mere reply to the request, that it would be unfair to attribute to it a more extensive meaning; and, interpreted with reference to the request, all it was intended to assert, and we think it must have been so understood by the jury, was, that the defendant was liable as an endorser, *in the same manner and to the same extent,* as if this had been a *promissory note* in the ordinary form, endorsed by him; and in this, we think, the court was correct.

We see no error in the record, and the judgment must be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.