HYDRAULIC PRESS BRICK COMPANY, Appellant, v. B. S.
Saville, Respondent.

January 31, 1876.

Where an account is assigned in such a way as to specify the character of the
fund and an intention to pass the whole debt, it is such an assignment as
to entitle the assignee to sue on it.

APPEAL from the St. Louis Circuit Court.
*Reversed and final judgment entered.*

*G. A. Castleman,* for appellant, cited : Beach *v.* Raymond,.
1 E. D. Smith (N. Y.), 406 ; 2 E. D. Smith (N. Y.), 496 ;.
Mills *v.* Fox, 4 E. D. Smith (N. Y.), 220 ; 3 Stew. (Ala.)
344 ; Moore *v.* Penn, 5 Ala. 135 ; Agee *v.* Midlock, 25·
Ala. 281 ; Beldu *v.* Muker, 47 N. Y. 307 ; Bank of Vir-
ginia *v.* Warren, 7 Hill, 91 ; Hoyt *v.* Thompson, 1 Seld.
320 ; Walker *v.* Mauro, 18 Mo. 564 ; Bank of Commerce *v.*
Bogy, 44 Mo. 13 ; Blinn *v.* Pierce, 20 Vt. 25 ; Edwards *v.*
Daly, 14 La. An. 384 ; Rodick *v.* Gandall, 15 Eng. Law &·
Eq. 221 ; Mandeville *v.* Welsh, 5 Wheat. 277.

*E. P. Johnson,* for respondent, cited : Ford *v.* Angel-
rodt, 37 Mo. 56, 57.

BAKEWELL, J., delivered the opinion of the court.

This is an appeal from a justice of the peace. The suit.
is for $135, said to be a balance due Maunder & Handcock.
by defendant, on account of house in McRee city, which
account, it is claimed, was assigned by Maunder & Hand-
cock to plaintiff.

On the trial in the Circuit Court, after proof of incorpo-·
ration, plaintiff offered evidence tending to show the indebt-
edness of defendant to Maunder & Handcock, their copart-
nership, and the signature of. the firm name by one of the·
firm to the following order :

*St. Louis, Mo., Sept. 25, 1873.*

MR. B. S. SAVILLE : Please pay to Hydraulic Press Brick.
Co. one hundred thirty-five dollars, being amount due us on.
your house in McRee city.

MAUNDER & HANDCOCK.

The order was then offered and admitted, defendant objecting on the ground that it was no assignment of the account sued on. Evidence was offered tending to disprove items in the account of Maunder & Handcock against Saville to the amount of $55. Judgment was for defendant. The case was tried by the court without a jury.

If the court was right in admitting the order offered in evidence, it is manifest that judgment ought to have gone for plaintiff for at least $80, the amount admitted to be due by defendant, Saville, to Maunder & Handcock at the date of the alleged assignment of the order.

The only question in the case is whether or no the paper offered in evidence was such an assignment of the account as entitled plaintiff to sue on it.

We think the character of the fund is sufficiently specified in this order, and that it is such an order for a specific fund as plainly indicates an intention to pass the whole debt.

Judgment should have been for the plaintiff. The judgment of the Circuit Court is reversed, and judgment entered here against the defendant, in favor of plaintiff, for $80, balance confessedly due on the evidence, from Saville to the assignors of the account. The other judges concur.