## PROVIDENCE COUNTY.

———◆———

CHARLES A. LEE *vs.* CHARLES H. ROBINSON.

An order, draft, or bill, drawn for valuable consideration for the whole of a particular fund, is an equitable assignment of such fund to the payee.

Such an assignment is valid against a creditor subsequently garnishing, even if the garnishee was not notified of the assignment until after garnishment, provided he has time to disclose it by affidavit before judgment.

EXCEPTIONS to the Court of Common Pleas.

*July* 17, 1886. PER CURIAM. This case comes before us on

exceptions to an order and judgment of the Court of Common Pleas, charging George W. Newell, Town Treasurer of the town of Pawtucket, as garnishee, to the amount of sixty dollars. Newell, in his affidavit, made oath that, at the time of the service of the writ upon him, there was in his hands, as town treasurer, the sum of sixty dollars of the personal estate of the defendant, and no more, but that said sum was subject to an order in the words following, viz. : —

"PAWTUCKET, R. I., *February* 2, 1885.

" *George W. Newell, Treasurer of Town of Pawtucket, Rhode Island:*

" Please pay Manley E. Emerson my month's wages for services for the Town of Pawtucket, Rhode Island, as a Police Constable for the month of January last, sixty dollars, the same being all the money due me from said Town, value received, and charge the same to my account.

" [Signed,]          CHARLES H. ROBINSON."

After judgment for the plaintiff, the defendant moved for the discharge of the garnishee, on the ground that the order was in law an assignment, and had the effect to convey the month's wages of the defendant to Emerson as assignee. The defendant also offered to prove, by parol, that the order was given to Emerson before the attachment, and that it was made in good faith and for a valid consideration. The court declined to hear the evidence, and ruled that the garnishee was chargeable for the amount disclosed. Thereupon the defendant excepted.

We think the exception must be sustained. The law is, that an order, draft, or bill for a valid consideration, drawn for the whole of a particular fund, is an equitable assignment of such fund to the payee. *Mandeville* v. *Welch*, 5 Wheat. 277, 286 ; *Robbins* v. *Bacon*, 3 Me. 346 ; *Corser* v. *Craig*, 1 Wash. C. C. 424, 426 ; *Tripp* v. *Brownell*, 12 Cush. 376 ; *Macomber* v. *Doane*, 2 Allen, 541 ; *Kingman* v. *Perkins*, 105 Mass. 111 ; *St. Johns* v. *Charles*, 105 Mass. 262 ; *Gibson* v. *Cooke*, 20 Pick. 15 ; *Hydraulic Press Brick Co.* v. *Saville*, 1 Mo. App. 96. As such under our decisions the order was valid against the plaintiff if made before the attachment, even if the garnishee did not have notice of it until after

the attachment, provided notice was received by him in season to disclose it by his affidavit before judgment. *Northam* v. *Cartright*, 10 R. I. 19; *Tracy* v. *McGarty*, 12 R. I. 168; *Tiernay* v. *Mc-Garity*, 14 R. I. 231.

We think the affidavit was *primâ facie* sufficient to entitle the garnishee to a discharge. But if there was any question we think the defendant was entitled to show what he offered to show by additional proof under Pub. Laws R. I. cap. 433, § 2, of May 2, 1884.[1]                                        *Exceptions sustained.*

*William H. Clapp & Thomas P. Barnefield,* for plaintiff.

*Jacob W. Mathewson,* for defendant.

---

[1] As follows: —

"The answer sworn to by a trustee shall be considered true in deciding how far said trustee is chargeable; but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts not stated nor denied by said trustee that may be material in so deciding."