Curran, Adm'r, etc. vs. Witter.

CURRAN, Administrator, etc., Respondent, vs. WITTER, Appellant.

*December 21, 1886 — January 11, 1887.*

*(1, 2) Certificates of deposit: Limitations of actions: When statute begins to run. (3) Limitation in case of death. (4) Evidence: Memoranda: Entries in account books.*

1. A certificate of deposit issued by a banker in the ordinary form of such instruments is, in substance and legal effect, a negotiable promissory note.

2. The statute of limitations begins to run against a certificate of deposit issued by a banker, from the date of its issuance, although no demand of payment is made.

3. Sec. 4234, R. S., providing that "if a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representative after the expiration of that time, and within one year from his death," applies only where the person entitled to bring the action dies during the last year of the term of limitation.

4. A witness may properly testify that entries made by him in a book of account are correct, although he has no independent recollection of the transactions thus entered.

APPEAL from the Circuit Court for *Wood* County.

In the year 1869 the defendant carried on the business of banking at Grand Rapids in this state. In October of that

Curran, Adm'r, etc. vs. Witter.

year, James Curran, plaintiff's intestate, deposited with him $540, and received therefor the following certificate, written and signed by one Moody, the defendant's clerk:

"J. D. Witter, Banker, Grand Rapids, Wisconsin.

"$540.                                    October 6, 1869.

"Mr. James Curran has deposited in this bank five hundred and forty dollars, payable to his order on the return of this certificate properly indorsed.

"J. D. Witter.

"Per Moody."

James Curran died in 1872 intestate, and in 1885 the plaintiff was appointed and duly qualified as administrator of his estate. In August, 1885, he brought this action upon such certificate of deposit. The defendant answered payment, and the six and twelve years statutes of limitation contained in secs. 4222, 4251, R. S. He also interposed a counterclaim for $540, and alleged therein that the amount so deposited with him by James Curran, and for which the certificate was issued, was by his clerk entered to the credit of Curran in the general account-books of the plaintiff, and, between October 6th (the date of the transactions) and the 10th of the same month, was paid to Curran together with other sums deposited by him, and his account was thereupon balanced and closed; and that, through negligence and mistake of Moody, the certificate of deposit in suit was not taken up or canceled or any evidence that it was paid indorsed thereon.

On the trial the defendant offered in evidence the deposition of E. N. Moody, the defendant's clerk before mentioned, in which he gave testimony tending to show that he kept the defendant's banking books in 1869; that the entries therein in the account of James Curran were made by him as the transactions occurred; and that the same were correct. He also stated that the $540 placed to the credit of Curran was the same deposit for which the cer-

tificate was given, and that Curran checked out all of the money he deposited in the defendant's bank in 1869, and that the reason he did not require a surrender of the certificate for the $540 was that he supposed it to be merely a receipt for the money. He also said that he had no independent recollection of these transactions other than the deposit of the $540, which he did remember. The court sustained objections, made when the deposition was taken, to all the above testimony and to all testimony of a like character, and excluded the same.

The entries in defendant's books showing the account of James Curran with the bank was also offered in evidence and rejected. This account shows credits to Curran to the amount of $758.80, the first item being for $540 under date of October 6, 1869, and that it was all drawn by him on checks between October 8, and October 12, 1869. This is the account which Moody testified was in his handwriting and was correct.

The defendant having thus failed to get in any proof that the money for which the certificate was given had been paid, the court overruled the defense of the statutes of limitations, and directed a verdict for the plaintiff for $540 and interest thereon from the commencement of the action. A motion for a new trial was denied. The defendant appeals from the judgment entered pursuant to the verdict.

The cause was submitted for the appellant on the brief of *Gardner & Gaynor*, and for the respondent on that of *Raymond & Haseltine*.

For the appellant it was argued, among other things, that the testimony of Moody was admissible. All that is required in the case of *original memoranda* is that the witness shall be able to state that the memoranda are correct. *Downer v. Rowell*, 24 Vt. 346-7; *Merrill v. I. & O. R. Co.* 16 Wend. 596-8; *State v. Rawle*, 2 Nott & McCord, 334; 1 Greenl. on Ev. secs. 436-8; 1 Wharton on Ev. secs. 518,

519, 679, 680; Wood's Prac. Ev. 368–370; *Chamberlain v. Carter*, 19 Pick. 190; *Guy v. Mead*, 22 N. Y. 462; *New York v. Second Ave. R. Co.* 102 N. Y. 572; *Schettler v. Jones*, 20 Wis. 417–18; *Riggs v. Weise*, 24 id. 545. A promissory note, payable on demand, whether with or without interest, is due forthwith, so that the statute of limitations begins to run from the date of the note. *Wheeler v. Warner*, 47 N. Y. 519; *Palmer v. Palmer*, 36 Mich. 487; *Herrick v. Woolverton*, 41 N. Y. 600; *Newman v. Kettelle*, 13 Pick. 418; *Larason v. Lambert*, 12 N. J. Law, 247; *Kingsbury v. Butler*, 4 Vt. 458. This certificate of deposit is, in legal effect, a promissory note payable on demand, and the statute should begin to run at its date. *Cate v. Patterson*, 25 Mich. 191; *Tripp v. Curtenius*, 36 id. 494; *Brummagim v. Tallant*, 29 Cal. 503; *Poorman v. Mills*, 35 id. 118.

To the point that a demand was necessary before suit could be maintained on the certificate, and that the statute of limitations began to run only from the date of such demand, counsel for the respondent cited *Bellows Falls Bank v. Rutland Co. Bank*, 40 Vt. 377; *Fells Point Sav. Inst. v. Weedon*, 18 Md. 320; *Pardee v. Fish*, 60 N. Y. 265; *Munger v. Albany City Nat. Bank*, 85 id. 587; *Payne v. Gardiner*, 29 id. 171.

LYON, J. In *Klauber v. Biggerstaff*, 47 Wis. 551, the late chief justice, after giving the elementary definition of a promissory note, proceeded to say that " the ordinary form of a certificate of deposit of money falls precisely within the definition, and it seems strange that there was ever a doubt that it was in law a negotiable promissory note. *O'Neill v. Bradford*, 1 Pin. 390, and cases there cited. Such doubt, however, may now be considered at rest. *Kilgore v. Bulkley*, 14 Conn. 362; *Bank of Orleans v. Merrill*, 2 Hill, 295; *Miller v. Austen*, 13 How. 218." After this authoritative statement of the rule, it is useless to cite any more of the

numerous cases elsewhere which hold the same doctrine. Several of them will be found in the brief of counsel for the defendant. The certificate of deposit in suit is in the ordinary form of such instruments, and is therefore, in substance and legal effect, a negotiable promissory note.

The next question is, When did the statute of limitations commence to run against the certificate? The plaintiff maintains that it commenced to run only upon demand of payment, which was first made in 1885; while the defendant claims that it commenced to run as soon as the certificate was issued. There are plenty of adjudications by courts of great authority sustaining both of these propositions. The question is now presented to this court for the first time; and we must choose between these conflicting lines of authority, and adopt the rule which seems to us to rest on the soundest principles and which best accords with the analogies of the law.

What would be the equivalent of this certificate were it put in the usual form of a promissory note? Undoubtedly it would be for the same amount, payable on demand to the same payee or order, perhaps at the office of the maker, and probably without interest until actual presentation and demand of payment. It would be substantially in this form: "For value received, on demand, I promise to pay James Curran, or order, at my bank in Grand Rapids, Wisconsin, $540, without interest until after demand." That such a note is due presently and the statute of limitations commences to run against it from its date, is well settled. What valid reason can be given why the same results should not follow the giving of a certificate of deposit which contains the same contract and is the exact equivalent of such a note? If any such reason exists, we have failed to comprehend it. In *Brummagim v. Tallant*, 29 Cal. 503, it was held that the statute of limitations begins to run against a banker's certificate of deposit payable on

demand from the date of the same, and that no special demand is necessary to put the statute in motion. We entirely agree with the supreme court of Michigan, which in *Tripp v. Curtenius*, 36 Mich. 496, after approving the rule of the California case, proceeds to say of a certificate of deposit in the usual form: "To hold such instruments to be in legal effect promissory notes payable on demand, and yet not apply the principles applicable to demand promissory notes, either because of the peculiar form of the instrument or because issued by a firm engaged in the ordinary business of banking, would be to create a distinction unsound in principle, and one not warranted by any necessity that we can discover." See, also, *Cate v. Patterson*, 25 Mich. 191; *Poorman v. Mills*, 35 Cal. 118.

The cases which hold that such a certificate is not due until presented for payment, and hence that the statute of limitations does not commence to run against it until such presentation, seem to go upon the ground that the transaction is not alone of money, creating a debt against the drawer of the certificate, but rather that it is in the nature of a bailment, upon which no cause of action accrues until demand; in other words, it is said the transaction is in contemplation of law a deposit and not a loan. This doctrine is held or intimated in *Payne v. Gardiner*, 29 N. Y. 146; *Munger v. Albany City Nat. Bank*, 85 N. Y. 589; *Nat. Bank of Fort Edward v. Washington Co. Nat. Bank*, 5 Hun, 605; *Fells Point Sav. Inst. v. Weedon*, 18 Md. 320; and *Bellows Falls Bank v. Rutland Co. Bank*, 40 Vt. 377. With all due deference to the very able courts which have adopted this view, we cannot give our approval to the doctrine thus enunciated by them. We think that when a person deposits money in a bank in the usual course of business he loans it to the bank, and the bank thereby becomes his debtor to the amount of the deposit,—not his bailee of the money. By the deposit the title to the money passes

to the bank, and it is thereafter its money, subject to its absolute control and disposition. The depositor cannot reclaim the specific money. He cannot maintain replevin or trover for it (as he might were the deposit a bailment), but only *assumpsit* for the amount deposited. In short, the transaction has no element of a bailment, but every essential element of a loan of money. That was the view of Judge BRONSON in *Downes v. Phœnix Bank*, 6 Hill, 297, which was an action for the amount of a deposit, the evidence of which was the entry made by the proper officer of the bank in plaintiff's bank book. The judge said, speaking of the transaction: "It is not strictly a deposit, nor a bailment of any kind; for the same thing is not to be returned, but another thing of the same kind and of equal value. In the civil law it is called a *mutuum* or loan for consumption. Except where the deposit is special, the property in the money deposited passes to the bank, and the relation of debtor and creditor is created between the parties."

It is unnecessary to prolong this discussion. We must hold, with the Michigan and California courts, that the money claimed in this action was due and payable at the date of the certificate in suit,— October 6, 1869,— and hence that the claim was barred by the statute (R. S. sec. 4222) on and after October 7, 1875. Sec. 4234 has no application to this action, because James Curran died more than one year before the statute had run against the claim. That section provides that "if a person entitled to bring action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time, and within one year from his death." It is obvious that this provision only reaches a case where the person entitled to bring the action dies during the last year of the term of limitation. Neither is sec. 4251, which doubles the period of limitation in a certain

contingency, applicable to this case. That section only applies to cases in which there is no person in existence when the cause of action accrues who can bring the action. We are further of the opinion that this case is not within the provisions of sec. 4230, R. S., which is a part of chapter 177. That chapter contains the statute of limitations. The section provides that "none of the provisions of this chapter shall apply to any action brought upon any bills, notes, or other evidences of debt issued by any bank, or issued or put into circulation as money." The certificate of deposit in suit was not issued by a bank; neither was it put into circulation as money.

The claim having been barred by the statute of limitations long before the action was commenced, instead of directing a verdict for the plaintiff the court should have directed the jury to find for the defendant.

The rejection of the testimony of the witness Moody was also error. On the authority of *Schettler v. Jones*, 20 Wis. 412, his testimony, founded on the entries made by him in the defendant's account-books, should have been received, although he had no independent recollection of the transactions thus entered. In the opinion by Chief Justice DIXON in *Schettler v. Jones*, the rule in its application is thus stated: "The charges were not mere private *memoranda* made by the witness for his own convenience, but entries in the books of the plaintiff in the regular course of business. In such cases, we think the sounder and better rule to be that if the witness can swear positively that the *memoranda* or entries were made according to the truth of the facts, and consequently that the facts did exist, that is sufficient, though they may not remain in his memory at the time he gives his testimony. He may testify from the entries; and when he does so he swears positively to the truth of the facts stated in them." This case was followed, and the same rule applied, in *Riggs v. Weise*, 24 Wis. 545. Many

cases in support of the rule are cited in the opinion in *Schettler v. Jones*, and in the brief of counsel for defendant in the present case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.

See note to this case in 31 N. W. Rep. 710.— REP.

