GEORGE F. BEARDSLEY v. OSCAR WEBBER AND CLARENCE
W. CHAPIN.

*Banks and banking—Certificate of deposit—Demand—Interest.*

1. A certificate of deposit, payable to the order of the depositor on its return properly indorsed, is a promissory note, payable on demand;[1] citing *Cate v. Patterson,* 25 Mich. 191; *Tripp v. Curtenius,* 36 Id. 494; *Birch v. Fisher,* 51 Id. 36.
2. The institution of a suit upon such a certificate of deposit is a sufficient demand of payment.
3. Where a certificate of deposit provides for the payment of interest if the deposit is left for a stated time, and suit is brought upon the certificate before the expiration of said period and without previous demand, interest should only be allowed from the date of the commencement of suit; citing *In re Estate of King,* 94 Mich. 411.

Error to Kent. (Grove, J.) Argued January 24, 1895. Decided February 12, 1895.

*Assumpsit.* Defendant Webber brings error. Judgment modified. The facts are stated in the opinion.

*William O. Webster,* for appellant.

*T. J. O'Brien* and *James H. Campbell,* for plaintiff.

GRANT, J. Defendants were bankers. Plaintiff deposited with them $8,000, for which he received the following certificate:

"BANK OF WEBBER & CHAPIN.
"STANTON, MICH., Oct. 26, 1892.
"G. F. Beardsley has deposited in this bank $8,000 (eight thousand dollars), payable to the order of himself on the return of this certificate properly indorsed.

---

[1] For the authorities on the maturity of a certificate of deposit, see note to *First Nat'l Bank v. Security Nat'l Bank,* 15 L. R. A. 386.

Interest at 6 per cent. if left 12 months for all full months. Interest to cease if not renewed at end of one year from date."

July 26, 1893, the bank closed its doors, having previously suspended payment. Plaintiff testified that he presented the certificate and demanded payment before bringing suit, which was instituted July 28, 1893. The defendants denied that the certificate was presented and payment demanded. They, however, admit that they could not pay it; that plaintiff had a conversation with them in regard to its payment; and that they then offered to pay it by turning out other paper. The court directed a verdict for plaintiff for the amount of the certificate and interest from its date.

The appellant contends that the instruction was erroneous, because the presentation of the certificate, properly indorsed, and demand, were necessary before suit. We need not refer to the holdings of other courts. This Court has held that such a certificate of deposit is a promissory note, payable on demand. *Cate v. Patterson,* 25 Mich. 191; *Tripp v. Curtenius,* 36 Id. 494; *Birch v. Fisher,* 51 Id. 36, 39. No demand is necessary on a demand note as against the maker. The institution of a suit is a sufficient demand. 3 Rand. Com. Paper, § 1070; Story, Prom. Notes, § 29. The authorities on this point will be found cited in notes to the above sections. It follows that the court was correct in instructing the jury that no specific demand was necessary before the suit, and in directing a verdict for plaintiff.

We think, however, the court erred in allowing interest from the date of the certificate. It was the express agreement that interest should not be allowed unless the deposit remained for a year. On such notes interest does not begin to run until demand made or suit brought. *In re Estate of King,* 94 Mich. 411.

Judgment will be entered in this Court for the principal and interest from the date of the commencement of suit. Neither party will recover costs in this Court.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.