## CITIZENS' SAVINGS BANK *v.* VAUGHAN.

1. BANKS—LIEN ON DEPOSITS—DEMAND NOTES—SET-OFF.

    A demand note made to a bank by a depositor is due at once, within the rule that banks have a lien upon deposits for debts "due" from their depositors, and it may, therefore, without actual demand, be treated as a matured debt for the purpose of set-off in proceedings between the bank and the depositor.

2. SAME—UNAMBIGUOUS CONTRACT—EVIDENCE OF INTENT.

    The plain terms of the contract cannot be changed by showing by evidence *aliunde* that the note was not intended to become due until some future time.

3. PARTNERSHIP ASSOCIATIONS—INCURRING LIABILITY—STATUTORY RESTRICTIONS—EFFECT OF NONCONFORMANCE.

    The statute governing partnership associations ( 1 How. Stat. § 2369 ) provides as follows: "No debts shall be contracted nor liability incurred for said association except by one or more of said managers, and no liability for an amount exceeding $500, except against the person incurring it, shall bind the said association, unless reduced to writing, and signed by at least two managers." *Held*, not to warrant the construction that a contract by one officer only, for an amount exceeding $500, is good for that sum, and void for the excess, but that the invalidity attaches to every such contract in its entirety.

4. RECEIVERS—DIVIDENDS—INTEREST.

    A creditor of an insolvent corporation is equitably entitled to interest upon a dividend payable to him from the date of the order directing the dividend, where payment has been delayed by an unsuccessful contest by the receiver.

5. SAME—COSTS.

    The proceedings upon a petition for an order directing the receiver of an insolvent corporation to pay a dividend to the petitioner, pursuant to a decree previously entered that dividends be paid on all claims duly proved, are in the nature of special motions, and the petitioner is not entitled to full costs, as in a contested suit, even though decree passes in his favor after the joining of issue and the taking of proofs.

Appeal from Clinton; Daboll, J. Submitted October 12, 1897. Decided December 7, 1897.

Petition by the Citizens' Savings Bank of Detroit against Coleman C. Vaughan, John H. Fedewa, and Edwin H. Lyon, receivers of the Michigan Mortgage Company, Limited, for the payment of dividends. From the decree rendered, both parties appeal. Modified and affirmed.

On February 6, 1894, the Michigan Mortgage Company, Limited, made a voluntary assignment for the benefit of creditors. On February 8th a bill of complaint was filed in the circuit court for Clinton county, in chancery, asking for the appointment of receivers to take charge of the mortgage company's property, and to carry out the purpose of the assignment. On February 9th the present receivers were appointed. The receivers, June 1, 1895, were directed to pay a dividend of 15 per cent. on all direct claims duly proven, and for that purpose calculated all claims as of that date. The Citizens' Savings Bank filed a claim against the insolvent estate, composed of five items:

(1) The company's $2,500 note, dated October 24, 1893, and due February 27, 1894.
(2) The company's $2,625 note, dated January 15, 1894, and due May 18, 1894.
(3) The company's $6,000 note, dated September 8, 1893, and payable on demand.
(4) The company's alleged indorsement of John H. Fedewa's $1,000 note, due June 2, 1894.
(5) The company's alleged indorsement of Edward Brown's $2,000 note, due May 26, 1894.

The receivers disputed the liability of the company upon its alleged indorsement of the Fedewa and Brown notes for the reason that the indorsement was made by only one officer of the company. The liability of the company was admitted upon the other three items. The mortgage company kept one of its banking accounts with the Citizens'

Savings Bank.   On February 6, 1894, there was a balance of $1,849.96 to the credit of the company.. The bank claimed the right to offset this credit of $1,849.96 against its claim upon the demand note, leaving a balance on which the dividend should be paid.   The receivers insisted that the amount of the bank's dividend should first be ascertained, and the credit deducted from that.   The un- disputed claim of the bank is $10,132.90.   If the credit is deducted from this, it leaves the bank's claim at $8,282.94, of which 15 per cent. is $1,242.44.   On the other hand, if the dividend is first calculated, it comes to $1,519.93, and, if the credit is to be used against that, it puts the bank in debt to the receivers.   The receivers refused to pay a dividend to the bank, and the bank thereupon petitioned for an order directing the receivers to pay.   An issue was framed, and tried by the court without a jury.   The cir- cuit judge held:

(1) That the bank might offset the credit against the demand note.

(2) That the mortgage company was not liable upon the Brown and Fedewa notes, as the indorsement was by one officer only.

(3) That the bank was not entitled to interest upon its unpaid dividend.

(4) That the bank was entitled to a solicitor's fee of but $10 upon this issue.

Both parties appeal.

*Gray & Gray*, for petitioner.

*Edwin H. Lyon* and *Fedewa & Walbridge*, for de- fendants.

GRANT, J. (*after stating the facts*).   1. Did the bank have the right to offset the deposit of the mortgage com- pany?   If the note was due, the offset was properly allowed.   It is conceded that banks have a lien upon deposits for debts due from their depositors.   No lien, however, attaches until the maturity of the debt.   Bolles, Banks, § 374;   *Gibbons* v. *Hecox*, 105 Mich. 513.   The

learned counsel for the receivers cite several authorities upon the question of reasonable time to be allowed before a demand note becomes overdue and dishonored. Those cases affect solely the liability of indorsers. They have no application in suits upon a note between the promisor and the promisee. In such a case the universal rule is that the note is due at once, and that no demand is necessary before bringing suit. *Palmer* v. *Palmer*, 36 Mich. 487 (24 Am. Rep. 605); *Beardsley* v. *Webber*, 104 Mich. 88; *Peninsular Sav. Bank* v. *Hosie*, 112 Mich. 351. If the note be due so that suit may be brought without demand, it is also due, for the purposes of offset, when the promisor sues the bank to recover claims against it.

The receivers introduced evidence from which they argue that these demand notes were not intended as temporary loans, and would not become due until some future time. The plain terms of the contract cannot be thus changed. The paper is a demand note, pure and simple, and is to be controlled by the rules applicable to such paper. The circuit judge rightly held that the deposit is an offset.

2. The statute governing partnership associations provides as follows (1 How. Stat. § 2369):

"And no debts shall be contracted nor liability incurred for said association except by one or more of said managers, and no liability for an amount exceeding $500, except against the person incurring it, shall bind the said association, unless reduced to writing, and signed by at least two managers."

Undoubtedly both parties acted in ignorance of this statute, but the statute must control. The liability, being for more than $500, required the signatures of two of its managers to make it valid. Is the mortgage company liable on each note to the extent of $500? Counsel for the bank contend that the indorsement is good for $500, and void for the excess. We cannot concur in this view. The words of the statute are, "no liability for an amount exceeding $500," etc. We think the statute contemplates

that the invalidity should attach to every contract in its entirety where the amount exceeds $500.

3. The bank was entitled to its money at the time the dividend was declared. The receivers saw fit to appeal. The bank has thus been deprived of the use of its money. We think it equitably entitled to interest from the date of the order directing a dividend.

4. While this proceeding is in chancery, and a petition was filed, answer made, issue joined, and proofs taken, yet we think the petitioning bank was not entitled to full costs, as in a contested suit in chancery. These proceedings are in the nature of special motions, and costs are in the discretion of the court, under Chancery Rule 22.

Decree will be modified in accordance with this opinion, and costs of this court awarded to the bank.

The other Justices concurred.