BEACH *v.* BUSINESS MAN'S PUBLISHING CO.

1. PARTNERSHIP—LIMITED PARTNERSHIP ASSOCIATIONS—AUTHORITY OF GENERAL MANAGER—CONTRACTS.

An oral contract made by the manager of a limited partnership association to hire plaintiff for a year at an annual salary of $2,000, is void under 2 Comp. Laws, § 6083, providing that no liability exceeding $500 shall be binding on the association unless reduced to writing and signed by at least two managers.

2. SAME—RATIFICATION—ESTOPPEL.

And the contract is not valid by estoppel where the association was engaged in business other than the buying and selling of merchandise, and the contract did not relate to the purchase or sale of the same.

3. SAME—OFFICERS.

The general manager of an association engaged in buying and selling merchandise may not be authorized to create a liability of over $500 against the association for other purposes than buying and selling merchandise. *Rhoades* v. *Pure Food Co.*, 149 Mich. 235 (112 N. W. 940).

Error to Wayne; Donovan, J. Submitted June 29, 1910. (Docket No. 151.) Decided November 11, 1910.

Assumpsit by Clare M. Beach against the Business Man's Publishing Company for breach of a contract of hiring. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Rowland M. Connor,* for appellant.

*Benjamin S. Pagel,* for appellee.

BIRD, C. J. Plaintiff recovered a judgment for $809.72 against the defendant in the Wayne circuit court for salary which he claimed was due him on a yearly contract of employment.

The defendant is a partnership limited, organized and

authorized to do business under chapter 160, 2 Comp. Laws. The object of the partnership, as set out in its articles of association, is:

"A general publishing, bookselling and office supply business, including the publication of a monthly journal or magazine."

On the 27th of November, 1903, plaintiff entered into an oral agreement with the general manager of the association to work for the partnership for a salary of $2,000 a year. He went to work under this agreement, and continued to work under it until May 8, 1908, at which time he was ordered by the board to resign. He proffered his services for the balance of the year, but they were refused. After the year had expired, he brought this suit to recover the balance of his salary for the year ending November 27, 1908, and for certain moneys which he had disbursed for expenses in its behalf.

The most important question raised by the assignment of errors is whether the general manager of defendant had the authority to employ plaintiff on a yearly contract involving $2,000.

It is contended by defendant's counsel that the general manager did not have this power by reason of the inhibition of the statute under which the association is organized. This statute provides, in part, that:

"No debt shall be contracted nor liability incurred for said association except by one or more of said managers, and no liability for an amount exceeding $500, except against the person incurring it, shall bind the said association unless reduced to writing and signed by at least two managers, except in case of associations for the purpose of buying and selling merchandise, a majority of the interest in such association may select one of the managers each year to purchase merchandise required in the business of the association, make contracts, and sign notes for the same: *Provided,* such power given in writing fully setting forth the extent to which such manager may make purchases and contract debt for the association, which shall be signed by the majority of the members in number

and value of their interest, and such power of purchasing and contracting debts shall be strictly limited to the ordinary business of the association." Section 6083, 2 Comp. Laws.

The contract was oral and involved more than $500. It does not appear that Elmer Beach, the general manager, had been given written authority to make the contract. Defendant claims that these facts bring the case within the ruling of *Citizens' Sav. Bank* v. *Vaughan*, 115 Mich. 156 (73 N. W. 143). In answer to this contention, plaintiff says that the contract was one which the association had the power under the statute to authorize the general manager to make, and that the association is now estopped from saying that it did not authorize the contract by reason of permitting its general manager to deal with plaintiff for his services in the way he did for so many years. Plaintiff's contention is that the case is ruled by *Armstrong* v. *Stearns*, 156 Mich. 597 (121 N. W. 312).

To determine which one of these contentions is correct, it will be necessary to construe that part of the statute which reads as follows:

"Except in case of associations for the purpose of buying and selling merchandise, a majority of the interest in such association may select one of the managers each year to purchase merchandise required in the business of the association, make contracts, and sign notes for the same."

Under this language, can the association authorize the general manager to make a contract which involves more than $500, except for the purchase of merchandise? This question seems to have been settled in *Rhoades* v. *Pure Food Co.*, 149 Mich. 235 (112 N. W. 940). That was a case in which the same question was involved. Suit was brought by the plaintiff to recover for services against a partnership limited, whose object was to buy and sell merchandise. Mr. Justice BLAIR held in that case that no recovery could be had, and gave two reasons therefor, one of which was that the contract was void un-

der the statute, citing *Citizens' Sav. Bank* v. *Vaughan,* *supra.* From this construction it necessarily follows that the power conferred upon the general manager by the association to make contracts involving more than $500 must be limited to *merchandise contracts.* The contract in the case before us is one of hiring and must be declared void under the statute.

The judgment of the trial court is reversed, and a new trial ordered.

BROOKE and BLAIR, JJ., concurred with BIRD, C. J.

OSTRANDER, J. I concur in the result upon the ground the association defendant is not one for the buying and selling of merchandise within the meaning of the statute. I think, too, that no new trial should be granted.

MOORE, J., concurred with OSTRANDER, J.